An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-520

Filed 5 August 2026

Cabarrus County, Nos. 20JT000020-120, 20JT000021-120

IN THE MATTER OF: M.U. & B.U.

Appeal by Petitioner-Mother from order entered 26 November 2024 by Judge Nathaniel M. Knust in Cabarrus County District Court. Heard in the Court of Appeals 19 November 2025.

> *Everson Law Office, PLLC, by Cynthia Everson, for Petitioner-Mother-Appellant.*
>
> *No brief filed on behalf of Respondent-Father-Appellee.*

CARPENTER, Judge.

Petitioner-Mother appeals from an order holding her in civil contempt for her failure to comply with an order requiring her to pay attorney's fees. On appeal, Petitioner-Mother argues the trial court erred by finding her in civil contempt for failing to comply with the attorney's fees order. After careful review, we affirm.

**I. Factual & Procedural Background**

On 3 February 2020, Petitioner-Mother filed a *pro se* petition to terminate Respondent-Father's parental rights. On 20 February 2020, Respondent-Father filed

a motion to dismiss, a motion for summary judgment, and a request for attorney's fees. On 30 April 2020, Petitioner-Mother, through counsel, filed a motion to amend her petition due to lack of a proper attachment. On 13 July 2020, the trial court granted Petitioner-Mother's motion to amend and Respondent-Father's motion to dismiss. On 27 July 2020, Petitioner-Mother filed two amended termination petitions, one for each of her children with Respondent-Father.

On 15 June 2021, the trial court conducted a hearing and denied Petitioner-Mother's amended petitions. The trial court allowed Petitioner-Mother's counsel to withdraw on 13 July 2021. On 5 May 2022, after finding that Petitioner-Mother filed the petitions in bad faith and for an improper purpose, the trial court granted Respondent-Father's request for attorney's fees as an appropriate sanction under Rule 11 of the North Carolina Rules of Civil Procedure and ordered Petitioner-Mother to pay $15,885 (the "Fees Order"). Petitioner-Mother, acting *pro se*, attempted to file a notice of appeal from the Fees Order.

On 7 June 2022, Respondent-Father filed a motion to show cause why Petitioner-Mother should not be held in contempt for failure to pay his attorney's fees. After finding probable cause to believe Petitioner-Mother was in contempt of the Fees Order, the trial court calendared the matter for hearing and appointed Petitioner-Mother counsel. Petitioner-Mother's affidavit of indigency indicated that her gross monthly income in 2022 was $10,483.32, but she had a net deficit of $3,000 per month due to her monthly expenses.

In December 2023, the North Carolina Supreme Court dismissed Petitioner-Mother's motion and petitions seeking review of the Fees Order. On 21 February 2024, the trial court conducted the contempt hearing, where Petitioner-Mother testified that in 2024 she received paychecks of $3,692.31 twice per month with an annual bonus of $80,000. That day, the trial court also required Petitioner-Mother to immediately pay $5,000 to Respondent-Father's attorney.

The trial court, however, did not enter its written order (the "Contempt Order") until 26 November 2024, eight months later. In the Contempt Order, the trial court made the following pertinent findings of fact:

> 2. That reasonable time passed for Petitioner to pay [Respondent-Father's attorney]. Prior to the filing of the motion for contempt, Respondent's counsel made demand upon Petitioner for the payment of these fees.
>
> 3. Petitioner has been employed since the entrance of this equitable distribution order earning $166,207 or more each year when the equitable distribution payments were not being made according to the March 24, 2022 order.
> . . .
>
> 6. This Court did not set [a] deadline as to when these monies were to be paid; however, a reasonable time has elapsed since that deadline and the monies have not been paid to Respondent's Attorney.
> . . .
>
> 8. At the time the [Fees] Order was entered, Petitioner had the means and ability to comply with the terms of said [Fees] Order, and she presently has the means and ability to comply with the [Fees] Order.

The trial court also concluded that:

2. Petitioner did not present evidence which would constitute a lawful excuse for her failure to pay and such failure is willful.

3. Petitioner's failure to abide by the terms of said [Fees] Order or to take reasonable measures to do so has been willful and without legal justification or excuse.

4. Petitioner is in willful civil contempt for failure to pay as prescribed by the Court according to the May 5, 2022 order.

5. Petitioner is employed and is financially able to pay support as ordered.

The trial court included a purge condition of $7,000. Petitioner-Mother timely filed notice of appeal on 18 December 2024.

## II. Jurisdiction

As an initial matter, we must determine whether we have jurisdiction to review the Contempt Order. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995).

Interlocutory orders, however, are immediately appealable "when the challenged order affects a substantial right." *Denney v. Wardson Constr., Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019). "A substantial right is a legal right affecting or involving a matter of substance as distinguished from matters of form; a

right materially affecting those interests which a [party] is entitled to have preserved and protected by law: a material right." *Pentecostal Pilgrims & Strangers Corp. v. Connor*, 202 N.C. App. 128, 132, 688 S.E.2d 81, 84 (2010) (internal quotation marks and citation omitted). "The appeal of any contempt order . . . affects a substantial right and is therefore immediately appealable." *Guerrier v. Guerrier*, 155 N.C. App. 154, 158, 574 S.E.2d 69, 71 (2002) (citing *Willis v. Power Co.*, 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976)).

Here, Petitioner-Mother appeals from an order holding her in civil contempt, which affects a substantial right and is immediately appealable. *See id.* at 158, 574 S.E.2d at 71. We, therefore, have jurisdiction to review the Contempt Order. *See Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438; *see also* N.C. Gen. Stat. § 1-277(a) (2025) (permitting an appeal that affects a substantial right).

### III. Issue

The issue on appeal is whether the trial court erred by finding Petitioner-Mother in civil contempt for failing to comply with the Fees Order.

### IV. Analysis

#### A. Fees Order

Petitioner-Mother first argues that the trial court erred in entering the Contempt Order because Respondent-Father's motion for sanctions was not properly before the trial court during the Fees Order hearing. Because of her failure to appeal the Fees Order, Petitioner-Mother asks this Court to invoke Rule 2 of the North

Carolina Rules of Appellate Procedure. As no manifest injustice is present, we decline to suspend the requirements of the Rules.

"It is well settled that the Rules of Appellate Procedure 'are mandatory and not directory.'" *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (quoting *Reep v. Beck*, 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005)). "To prevent manifest injustice to a party, or to expedite decision in the public interest," this Court may "suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative[.]" N.C. R. App. P. 2 (2025).

Yet, if a collateral attack on a judgment appears in an appeal, we dismiss the argument. *Pelc v. Pham*, 301 N.C. App. 197, 206, 923 S.E.2d 835, 841 (2025). "A collateral attack on a judicial proceeding is 'an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.'" *Reg'l Acceptance Corp. v. Old Republic Sur. Co.,* 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (quoting *Hearon v. Hearon*, 44 N.C. App. 361, 362, 261 S.E.2d 9, 10 (1979)). In other words, a collateral attack occurs if a party tries to appeal an order that the party has already appealed unsuccessfully. *See Pelc*, 301 N.C. App. at 206, 923 S.E.2d at 841.

Here, Petitioner-Mother's argument is an impermissible collateral attack. *See Reg'l Acceptance Corp.,* 156 N.C. App. at 682, 577 S.E.2d at 392. She previously attempted to appeal the Fees Order, which our Supreme Court dismissed. *See Pelc*,

301 N.C. App. at 206, 923 S.E.2d at 841.  Accordingly, we decline Petitioner-Mother's request for a Rule 2 invocation, *see* N.C. R. App. P. 2, and dismiss this impermissible collateral attack, *see Pelc*, 301 N.C. App. at 206, 923 S.E.2d at 841.

**B. Statutory Requirements**

Next, Petitioner-Mother argues the trial court did not comply with the statutory requirements for civil contempt by failing to set a term of imprisonment in the Contempt Order.  Specifically, Petitioner-Mother asserts that the trial court erred in failing to include both a term of imprisonment and a purge condition in the Contempt Order.  We dismiss this argument.

In her brief, aside from a citation to section 5A-22, the only authority Petitioner-Mother provided on this issue was an unpublished opinion from 2022. Thus, Petitioner-Mother violated Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.  *See* N.C. R. App. 30(e)(3) (2025) ("[C]itation of unpublished opinions . . . is disfavored. . . . [unless] an unpublished opinion has precedential value to a material issue in the case and . . . no published opinion . . . would serve as well[.]").  Although Petitioner-Mother flagged the case as unpublished, she failed to include a certification in compliance with the Rule or append the opinion to the back of the brief.  *See id.*  Because this is a nonjurisdictional violation, we will consider sanctions short of dismissal.  *See Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365–66 (2008).

As such, we strike Petitioner-Mother's reference to the unpublished case in her brief. *See* N.C. R. App. P. 34(b)(3) (2025) (permitting this Court to impose any sanction "deemed just and proper"). As a result, Petitioner-Mother failed to provide authority supporting her statutory interpretation argument, *see* N.C. R. App. P. 28(b)(6) (2025), and the plain language of section 5A-22 is unavailing, *see First Bank v. S&R Grandview, LLC*, 232 N.C. App. 544, 546, 755 S.E.2d 393, 394 (2014). Thus, Petitioner-Mother has abandoned this argument on appeal, and we dismiss it. *See* N.C. R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

## C. Findings of Fact

Petitioner-Mother also argues the trial court erred by entering the Contempt Order because Findings of Fact 2, 3, 6, and 8 "do not account for all the evidence that was presented . . . ." **{Pet Br p 9}** This argument fails.

"[T]he trial court need not make a finding as to every fact which arises from the evidence; rather, the court need only find those facts which are material to the resolution of the dispute." *Witherow v. Witherow*, 99 N.C. App. 61, 63, 392 S.E.2d 627, 629 (1990) (citing *Green v. Green*, 54 N.C. App. 571, 284 S.E.2d 171 (1981)). Further, Petitioner-Mother provided neither argument nor authority tending to show her challenged findings were unsupported by the evidence.

Nevertheless, in the interest of deciding cases on the merits, we note that, even assuming Petitioner-Mother did not abandon this issue, the findings are supported

by competent evidence. *See Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997) (citation omitted). For Finding 2, one month between the Fees Order and Respondent-Father's motion to show cause was sufficient time for Petitioner-Mother to have complied with the Fees Order, especially since the Fees Order was filed about twenty-two months before the contempt hearing. *See Sloan v. Sloan*, 151 N.C. App. 399, 405, 566 S.E.2d 97, 101 (2002) (determining that filing a contempt motion one month after discovery of marital debt concealed by a former spouse was a reasonable time under the circumstances). For Finding 3, competent evidence supplied by Petitioner-Mother supports the finding that in 2024 Petitioner-Mother received a bimonthly gross paycheck of $3,692.31 with an annual bonus of $80,000, totaling more than $166,207 of annual income. *See Sharpe*, 127 N.C. App. at 709, 493 S.E.2d at 291. For Finding 6, the trial court's failure to mention certain pieces of evidence is irrelevant to whether the finding had evidentiary support. *See Witherow*, 99 N.C. App. at 63, 392 S.E.2d at 629. For Finding 8, the context of the hearing and the Contempt Order itself show that the trial court intended the word "presently" in Finding 8 to mean as of the contempt hearing, not the date of entry of the Contempt Order. *See Bizzell v. Bizzell*, 247 N.C. 590, 606, 101 S.E.2d 668, 679 (1958) (explaining that the appellant has the burden of showing that a technical error is prejudicial).

### D. Conclusions of Law

Similarly, Petitioner-Mother argues the trial court erred by entering the Contempt Order because Conclusions of Law 2, 3, 4, and 5 are not supported by its findings. We disagree.

We limit our review of civil contempt proceedings to whether the findings support the conclusions of law. *Sharpe*, 127 N.C. App. at 709, 493 S.E.2d at 291. " 'The trial court's conclusions of law drawn from the findings of fact are reviewable de novo.' " *State v. Simon*, 185 N.C. App. 247, 250, 648 S.E.2d 853, 855 (2007) (quoting *Curran v. Barefoot*, 183 N.C. App. 331, 335, 645 S.E.2d 187, 190 (2007)).

A trial court may hold a party in civil contempt if it determines the party willfully failed to pay. *See Ross v. Voiers*, 127 N.C. App. 415, 418, 490 S.E.2d 244, 246 (1997). Willful failure to pay is "(1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so." *Sowers v. Toliver,* 150 N.C. App. 114, 118, 562 S.E.2d 593, 596 (2002) (citing *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E.2d 554 (1974)). Willfulness "involves more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law." *Forte v. Forte*, 65 N.C. App. 615, 616, 309 S.E.2d 729, 730 (1983) (citing *Mauney v. Mauney*, 268 N.C. 254, 150 S.E.2d 391 (1966); *West v. West*, 199 N.C. 12, 153 S.E.2d 600 (1930)).

Here, Conclusions of Law 2, 3, and 4, as to Petitioner-Mother's willful failure to comply with the Fees Order without a lawful excuse, are supported by the findings. *See Sharpe*, 127 N.C. App. at 709, 493 S.E.2d at 291. As explained above, Petitioner-Mother had the ability to pay the attorney's fees. *See Sowers,* 150 N.C. App. at 118,

562 S.E.2d at 596. Petitioner-Mother also did not provide a good faith reason for her noncompliance where about three months passed between the Supreme Court's dismissal of her appeal and the contempt hearing as to the Fees Order. *See Forte*, 65 N.C. App. at 616, 309 S.E.2d at 730. Thus, she willfully failed to comply with the Fees Order. *See Sowers*, 150 N.C. App. at 118, 562 S.E.2d at 596. The trial court, therefore, did not err in determining she was in contempt. *See Ross*, 127 N.C. App. at 418, 490 S.E.2d at 246.

Further, Conclusion 5, as to Petitioner-Mother's employment status and financial resources, is supported by the findings. *See Sharpe*, 127 N.C. App. at 709, 493 S.E.2d at 291. As detailed above, we decline to unreasonably construe the trial court's use of present tense in the Contempt Order the way Petitioner-Mother has chosen to read it. *See Bizzell*, 247 N.C. at 606, 101 S.E.2d at 679. Additionally, as explained above, Petitioner-Mother was employed and able to pay the attorney's fees at the time of the contempt hearing. *See Sowers*, 150 N.C. App. at 118, 562 S.E.2d at 596. The trial court's findings, which are binding on appeal, support each of the challenged conclusions of law. *See Sharpe*, 127 N.C. App. at 709, 493 S.E.2d at 291.

## V. Conclusion

In sum, the evidence supported the trial court's findings and conclusions of law. We also dismiss Petitioner-Mother's arguments related to statutory interpretation and her impermissible collateral attack on the Fees Order. As previously determined in several orders, we reaffirm the trial court's ruling that

Petitioner-Mother must pay Respondent-Father's attorney's fees incurred defending against her frivolous termination petitions.

AFFIRMED.

Judges WOOD and GORE concur.

Report per Rule 30(e).